**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-03489-WJM-KMT

KRISTEN RUTTER,

      Plaintiff,

v.

BROMLEY EAST CHARTER SCHOOL,

      Defendant.

---

**STIPULATION AND PROTECTIVE ORDER**

---

      Each Party and each Counsel of Record stipulate and move the Court for entry of this Stipulation and Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information and/or identifiable health information ("Protected Health Information") (as hereinafter defined), and, therefore, the Court ORDERS, as follows:

      1.     The nature of the claims, defenses and damages asserted in this lawsuit involves disclosure and discovery of documents and information containing Confidential Information (as defined in paragraph 4 below) and/or Protected Health Information (as defined in paragraph 6 below).

      2.     The purpose of this Protective Order is to preclude disclosure of Confidential Information and/or Protected Health Information to any person or entity not subject to this litigation as defined in this Protective Order.  The disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' privacy

interests, or affect the privacy interests of patients identified in protected health records in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA").

3.      The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information and/or Protected Health Information except as set forth herein, and prohibiting the Parties from using or disclosing the Confidential Information and/or Protected Health Information for any purpose other than this litigation.

4.      "Confidential Information" means any document, file, portions of files, deposition or transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, which contains information that is confidential and implicates common law and statutory privacy interests of the Parties, including confidential or private medical and/or mental health information, financial or tax information, information contained in personnel files, or arrest and criminal records information of any party or person. "*See, e.g.*; COLO. REV. STAT. § 13-90-107(1)(d) (physician-patient privilege); *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005); *Weil v. Dillon Co., Inc.,* 109 P.3d 127 (Colo. 2005); COLO. REV. STAT. § 24-72-204(3)(a)(II)(A) (concerning disclosure of personnel records); *Everitt v. Brezzel*, 750 F. Supp. 1063 (D. Colo. 1990); *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1980)."

5.      Information designated as confidential must first be reviewed by the attorney for the designating Party, who must have a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).  *Gillard v. Boulder Valley Sch. Dist.,* 196 F.R.D. 382, 386 (D. Colo. 2000).

6.      "Protected Health Information" (hereinafter "PHI") means, a patient's name, address, birth date, admission date, discharge date, date of death, telephone number, fax number, e-mail address, social security number, medical records number, insurance plan information, account number, certificate/license number, vehicle identifier and license number, device identifier and serial number, URL, IP address number, biometric identifier including voice and finger prints, photographs, and any other unique identifying number, characteristic or code.

7.      When Confidential Information and/or PHI is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner by:

a.      imprinting the word "Confidential" on the first page or cover of any document produced;

b.      imprinting the word "Confidential" next to or above any response to a discovery request;

c.      with respect to transcribed testimony, by either designating deposition testimony as "Confidential" or containing "Confidential Information" on the record at the time of the deposition or hearing that the testimony is "Confidential" and subject to the protective order, or by designating portions of depositions or testimony as "Confidential" after transcription, provided written notice of the designation is given to all counsel of record within fourteen (14) after notice by the court reporter of the completion of the transcript; and

      d.    with respect to electronically stored information, by labeling each document or file produced as "Confidential" as a component of their bates number designations.

8.    All designations of Confidential Information and/or PHI must be made at least forty (40) days before the dispositive motion deadline.  All confidentiality issues must be raised with the Court if not resolved between the parties no later than thirty (30) days before the dispositive motion deadline, except with respect to timely discovery conducted after such date, in which case the issues shall be raised no later than fourteen (14) days after the designation of any information as confidential.

9.    All Confidential Information and/or PHI provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

      a.    it shall be used only for the purposes of this litigation and not for any other purpose;

      b.    it shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, except for purposes of this litigation, to anyone other than those specified in this subparagraph:

      (i)    attorneys actively working on this case;

      (ii)    persons regularly employed or associated with the attorneys actively working on this case, whose assistance is required by said attorneys for the purpose of this litigation;

      (iii)    the parties and designated representatives of the Bromley East Charter School, Colorado;

(iv)    expert witnesses and consultants retained in connection with this litigation, to the extent such disclosure is necessary for the purposes of this litigation, who execute the attached Exhibit A;

(v)    the Court and its employees;

(vi)    stenographic reporters who are engaged in this litigation;

(vii)    deponents and witnesses who execute the attached Exhibit A;

(viii)    members of a jury or other finder(s) of fact; and

(ix)    other persons by agreement of the parties who execute the attached Exhibit A.

10.    Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, witnesses during the course of their testimony, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form of the attached Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel, and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel. When disclosing Confidential Information to witnesses during the course of their testimony, the counsel designating a document as Confidential shall be obligated to advise the witness of the confidential nature of the information at that time.

11.    No copies of Confidential Information and/or PHI shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in

this case.  Any such copies shall be made and used solely for purposes of this litigation, and subject to all restrictions herein.

12.     During the pendency of this litigation, counsel shall retain custody of Confidential Information and/or PHI, and copies made there from pursuant to paragraph 11 above.

13.     A Party may object to the designation of particular Confidential Information and/or PHI by giving written notice to the Party designating the disputed information within the time period set forth in paragraph 8.  The written notice shall identify the information to which the objection is made.  If the Parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the Party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion.  If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the Party designating the information as confidential shall bear the burden of establishing the grounds for the disputed information to be treated as confidential.

14.     In the event it is necessary for the Parties to file Confidential Information and/or PHI with the Court in connection with any proceeding or motion, the Confidential Information and/or PHI shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2.  In addition, any pleadings or briefs quoting or discussing any information designated as

"Confidential" will not be accepted for filing as a restricted document or otherwise kept out of the public record in this action, except pursuant to Court Order issued upon motion of the party seeking to file such information as a restricted document.

15.     The termination of this action shall not relieve counsel or any Party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information and/or PHI pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, until termination of this case.

16.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it, and admissibility of the designated Confidential Information and/or PHI will be reserved for and addressed at trial. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

17.     Within thirty (30) days following the complete conclusion of this matter, including any appeals, each Party's counsel shall return to the producing party all Confidential Information and/or PHI provided subject to this Protective Order, or the Parties may elect to destroy Confidential documents in a confidential manner at the conclusion of the time required by the rules governing attorneys for maintenance of such documents.  When the Parties agree to destroy Confidential documents, the destroying Party shall provide all Parties with an affidavit confirming the destruction.

18.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of

Civil Procedure, or from filing a motion with respect to the manner in which Confidential

Information and/or PHI shall be treated at trial.

19.     Nothing in this Protective Order shall relieve any party of its obligation under

Fed. R. Civ. P. 26(b)(5) to prepare and provide a privilege log.

20.     This Protective Order may be modified by the Court at any time for good cause

shown following notice to all Parties and an opportunity to be heard.


        **DATED** this 20th day of March, 2014.

                                        BY THE COURT:

                                        _____
                                        Kathleen M. Tafoya
                                        United States Magistrate Judge

**STIPULATED AND AGREED TO:**

**DAVID LICHTENSTEIN, Attorney at Law**          **SENTER GOLDFARB & RICE, L.L.C.**

s/ David Lichtenstein

*David Lichtenstein*

s/ Ariel DeFazio

*Ariel DeFazio*

1556 Williams Street, Suite 100

Denver, Colorado 80218-1661

Telephone: (303) 831-4750

Facsimile: (303) 863-0835

Emails: dave@lichtensteinlaw.com

ariel@lichtensteinlaw.com

*Attorneys for Plaintiff*

s/ Gillian M. Fahlsing

*Gillian M. Fahlsing*

1700 Broadway, Suite 1700

Denver, Colorado 80290

Telephone:  (303) 320-0509

Facsimile:   (303) 320-0210

Email: gfahlsing@sgrllc.com

*Attorney for Defendant*

## AFFIDAVIT

STATE OF COLORADO    )
                        )ss
COUNTY OF            )

_____, swears or affirms and states under penalty of perjury:

1.    I have read the Protective Order in _____, a copy of which is attached to this Affidavit.

2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.    I promise that I have not and will not divulge or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.

4.    For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.    I will abide by the terms of the Protective Order.

_____
(Signature)
_____
(Print or Type Name)

Address:
_____
_____

Telephone No.: (_____) _____

     ***SUBSCRIBED   AND   SWORN*** to before me this _____ day of _____, 2014, by_____.

     WITNESS my hand and official seal.

_____

Notary Public

     My commission expires:_____

[SEAL]